UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JUAN CARLOS ALMONTE,
    Plaintiff,

vs.                                Case No.: 3:24cv619/LC/ZCB

JUDGE TIMOTHY J. LAWLISS, et al.,
    Defendants.
_____/

## **REPORT AND RECOMMENDATION**

Plaintiff is a prisoner proceeding *pro se* in this civil rights action under 42 U.S.C. § 1983. Presently before the Court is Plaintiff's Complaint. (Doc. 1). The Court is statutorily required to screen Plaintiff's Complaint to determine whether it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune. *See* 28 U.S.C. § 1915A(b) (governing prisoner civil rights cases). Upon review of the Complaint, it is apparent that this case is subject to dismissal because it seeks monetary relief from immune defendants.

1

## I. Background[1]

Plaintiff is a prisoner of the Auburn Correctional Facility in Auburn, New York. (Doc. 1 at 2). Defendants are (1) Judge Won of the "Judge Law Enforcement Agency" in Kew Gardens, New York; (2) Judge Timothy J. Lawliss of the "Judge Law Enforcement Agency" in Plattsburgh, New York; and (3) Judge Micheal L. Dwyer of the "Judge Law Enforcement Agency" in Utica, New York. (*Id.* at 3). Plaintiff sues all three Defendants in their official judicial capacities. (*Id.*). Plaintiff states that the Bill of Rights is "propertie for the whiteman only" and "all jury should be whiteman native European blood descended." (*Id.* at 1). Plaintiff appears to complain that he was improperly charged with a crime and is being blackmailed. (*Id.* at 4-5). Plaintiff also appears to complain about the judge hearing his guilty plea. (*Id.* at 5). Plaintiff seeks $60 trillion in damages. (*Id.* at 7).

## II. Statutory Screening Standard

To survive dismissal at the screening phase, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to

---

[1] Substantial portions of Plaintiff's Complaint are difficult to read. But the Court is able to discern enough of the Complaint to dismiss it under the statutory screening standards of 28 U.S.C. § 1915A.

relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). The plausibility standard is met only where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (internal quotation marks omitted). And "bare assertions" that "amount to nothing more than a formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 681 (internal quotation marks omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

### III. Discussion

Plaintiff's complaint is subject to dismissal under 28 U.S.C. 1915A(b)(2) because it names Defendants who are absolutely immune from suit. Here, Plaintiff seeks monetary damages from state court judges who have been sued in their official judicial capacities. But judges are entitled to absolute judicial immunity from money damages for acts taken in their judicial capacities unless they acted "in the clear absence of all jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (cleaned up). Whether a judge's actions were made while acting in the judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity. *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005).

Here, "nothing in the Complaint indicates that Defendants were plausibly acting 'in the clear absence of all jurisdiction.'" *Austin v. Mullins*, No. 24-14271-CIV, 2024 WL 4502258, at *2 (S.D. Fla. Sept. 10, 2024) (citing *Sibley*, 437 F.3d at 1070). "The conduct of which [P]laintiff

4

complains"—the judge's taking of Plaintiff's plea—"is a function normally performed by a judge." *Clark v. Duncan*, No. 3:17CV428-MCR-CJK, 2017 WL 3758980, *2 (N.D. Fla. Aug. 4, 2017), *adopted by* No. 3:17CV428-MCR-CJK, 2017 WL 3749835 (N.D. Fla. Aug. 30, 2017); *see* N.Y. Crim. Proc. Law § 220.50 (authorizing the court to accept pleas in New York).

"[A] district court has the inherent power to dismiss an action that is so patently lacking in merit as to be frivolous." *Guthrie v. U.S. Gov't*, 618 F. App'x 612, 617 (11th Cir. 2015). "A claim is frivolous if it is without arguable merit in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001). Here, it is evident that Plaintiff has wholly failed to allege facts showing he is entitled to relief against Defendants because they are absolutely immune. *See Clark*, 2017 WL 3758980, at *2. It is also apparent that Plaintiff's claims against Defendants, "even if amended, would still be barred by judicial immunity, and, thus, any amendment would [be] futile." *Austin v. McCann*, No. 22-13157, 2023 WL 3335312, at *3 (11th Cir. May 10, 2023). The Complaint, therefore, should be dismissed with no opportunity to amend.

### III. Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that:

1. This action be **DISMISSED without prejudice** under 28 U.S.C. §§ 1915A(b) because Defendants are entitled to absolute judicial immunity.

2. The Clerk of Court be directed to close this case.

At Pensacola, Florida this 13th day of December 2024.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.